———o———

No. 6071. .

# HARRY C. MAYER CO. vs. E. B. VASQUEZ, ET ALS.

## Syllabus.

1.  The owner who has procured a solvent surety as required by Act 134 of 1906 and in whose hands no funds are arrested by the service of attested accounts, cannot be held liable for the claims of those who furnish material or labor upon the work.

2.  The service of a sworn statement of account upon the husband of the owner, with the wife's knowledge and in her

presence, and at the house erected under the building contract, in controversy, and which at the time of such service constitutes their residence or domicile, exhibits a fulfillment of the requirements of Act 134 of 1906 with reference to the "filing" with the owner of such sworn statements of account.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 95,362. Hon. E. K. Skinner, Judge.

B. R. Forman, F. W. Hart, Nix & Tichenor, attorneys.

Grant & Grant, for defendant and appellant.

L. R. Hoover, for appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This case was remanded by us in order to permit plaintiff to allege and prove service of its sworn statement of account upon the owner as required by Act 134 of 1906, and to allow the defendant, Vasquez, to plead and prove a payment on account amounting to $200.00.

See Nos. 5617, 5618, 5619 of our docket, decided on rehearing, February 24th, 1913. (10 Ct. of Appeal, 31-2.)

It is conceded that Vasquez has not proved the payment of this $200.00 on account to plaintiff and that issue is now out of the case.

The present judgment is clearly erroneous and must be reversed in so far as it condemns the owners; for the latter, having procured a solvent surety and no funds having been arrested in their hands by the service of the attested account, cannot be held liable. They were doubtless condemned through oversight.

As to the service of the sworn statement, the trial Court very properly resolved the conflict of evidence in

regard thereto in plaintiff's favor, since the latter produced the only disinterested witness upon that subject, and his testimony, affirmative in character, is entitled to greater weight than the negative testimony of appellant's witness.

The surety, however, challenges the legal sufficiency of the service, which was made by handing the sworn statement to Mr. Staples, the husband of the owner, but in his wife's presence and with her knowledge, and at the house which had been erected under the building contract involved herein and which was then occupied by them as their abode.

It is claimed that the service should have been made personally upon the wife, the argument being that her position may be likened to that of a garnishee upon whom the interrogatories must be personally served. C. P. 246.

We are without authority to extend the requirement as to garnishees to cases such as the present, where the Statute, Act 134 of 1906, simply requires that the sworn statement shall be "filed" with the owner. Personal service of the interrogatories on the garnishee is a special statutory requirement considered necessary probably because of the extreme penalty visited on the garnishee upon his failure to answer them, but the Court has refused to extend the provisions of even that statute to the "notice of seizure" which accompanies the proceedings.

Schindler vs. Smith, Bullins & Co., 18 A., 479.

And the service in this case would have been sufficient not only for a notice of seizure but for purposes of citation as well (C. P. 192); and in our opinion amply fulfills the requirements of Act 134 of 1906 with reference

— 237 —

to "filing" the sworn statement of account upon the owner.

It is accordingly ordered that the judgment in so far as it condemns Mrs. Rosina Ella Staples, wife of Gayden R. Davis, Manning C. Staples, Jr., Allen T. Staples and M. C. Staples, be reversed and set aside and plaintiff's suit dismissed; and that in all other respects the judgment appealed from is affirmed, the plaintiff and appellee to pay the costs of appeal.

Reversed in part and in part affirmed.

Opinion and decree April 6, 1914.

Rehearing refused May 4, 1914.

Writ denied May 26, 1914.